## APPEAL OF T. J. FRANCIS.

Docket No. 2525. Submitted July 6, 1925. Decided October 28, 1925.

On the evidence, *held*, that the income of the taxpayer should be increased by amounts representing personal withdrawals from the business which were not included in his income-tax return, and that a reasonable allowance for exhaustion, wear and tear of automobile trucks used in the business was 33⅓ per cent.

*Howard L. Robinson, Esq.*, for the taxpayer.
*B. G. Simpich, Esq.*, for the Commissioner.

### Before JAMES, SMITH, and LANSDON.

This is an appeal from the determination of a deficiency in income tax for the years 1919 and 1920 in the amount of $3,042.27. The appeal involves two issues of fact: (1) Whether the taxpayer is entitled to depreciation upon automobiles at the rate of 33⅓ per cent or at the rate of 25 per cent; and (2) whether the taxpayer deducted as a business expense the sum of $8,500 withdrawn for his personal use from the business without including the same elsewhere in his return?

#### FINDINGS OF FACT.

The taxpayer is an individual residing at Wilsonburg, W. Va., and during the taxable years in question was operating a coal mining business in that vicinity. He employed motor trucks for the purpose of hauling the coal from his mine over ordinary country roads, subjecting them to more than ordinary strain in use. The Commissioner allowed, for the year 1919, depreciation on trucks at the rate of 25 per cent, in an amount of $1,062.50. The taxpayer claimed for that year depreciation at the rate of 33⅓ per cent, in the amount

of $1,450. For the year 1920, the Commissioner allowed like depreciation in the amount of $3,468.34, and the taxpayer claimed $5,563.09. The trucks in question had a reasonable expected life of from two to four years under the working conditions existing.

For the years 1919 and 1920 the taxpayer withdrew from his business for his personal use amounts, respectively, of $1,562 and $8,640.58, which amounts were in the said years charged as expenses of the business. He did not include said amounts elsewhere in his returns.

### DECISION.

The deficiency should be computed in accordance with the following opinion. Final determination will be settled on consent or on 10 days' notice, in accordance with Rule 50.

### OPINION.

JAMES: The taxpayer claims an additional allowance for exhaustion, wear and tear of automobile trucks used in his business, and we have found as a fact that the reasonable life of such trucks is from two to four years. The deficiency should therefore be recomputed on the basis of 33⅓ per cent depreciation in the case of automobiles.

As respects the withdrawals of the taxpayer, there is a sharp conflict of evidence. The revenue agent's report and computations by accountants employed by the taxpayer are in evidence. From both it appears that the profit and loss account from the taxpayer's business showed a net income between $21,363.69 and $23,195.81 for the year 1920, and it is admitted by both parties that some amounts of withdrawals were made by the taxpayer and entered on his business books. The conflict is whether those withdrawals are included in the deductions from profit and loss account on those books. A like situation exists as respects 1919, except for the difference in the amounts. The issue is whether the net income of the business as so computed was used by the taxpayer in his return, or whether he excluded his withdrawals in computing his business net income. It appears in the year 1920 that the taxpayer returned $21,363.69 as business income, the amount of the profit and loss account on his books, to which the Commissioner made additions not here in issue other than depreciation, being a total amount of $3,043.47. It seems proper, therefore, for the Commissioner to have included as income of the taxpayer as salaries and compensation the amount of withdrawals, since we are convinced by the entire evidence that the withdrawals were treated as deductions in the computation of business income, both by the Commissioner and the taxpayer.

The testimony of the accountants, Furbee and Holden, is to the general effect as a conclusion that the withdrawals of the taxpayer

were not charged as expenses, but this is negatived by the revenue agent's report of the profit and loss statement, which, except for other adjustments, agrees with the profit and loss statement submitted by the accountants, and the deductions therein, it is unequivocally stated by the agent, included the withdrawals by the taxpayer. Upon the entire record we are of the opinion that the taxpayer has not established his contention that the items of withdrawals should not be added to his book net income to determine his true net income from the business.